IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE SLOWE, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-60 |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, Superintendent S.C.I. Houtzdale, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 18th day of February, 2021, after considering (1) the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner (Doc. No. 1), (2) the petitioner's memorandum of law in support of his habeas petition (Doc. No. 5), (3) the respondents' response in opposition to the habeas petition (Doc. No. 6), (4) the petitioner's reply in support of the habeas petition (Doc. No. 7), (5) the respondents' supplementary response to the habeas petition (Doc. No. 9), (6) the state court record, (7) United States Magistrate Henry S. Perkin's report and recommendation (Doc. No. 40), and (8) the petitioner's "motion to formally withdraw," which the clerk of court docketed on February 16, 2021 (Doc. No. 46); accordingly, it is hereby **ORDERED** as follows:

    1.    The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

2. The petitioner's "motion to formally withdraw" (Doc. No. 46) is **GRANTED**.[1] The court's February 10, 2021 order granting the petitioner an extension of time until March 19, 2021, to file objections to the report and recommendation (Doc. No. 44) is **VACATED**;

3. The Honorable Henry S. Perkin's report and recommendation (Doc. No. 40) is **APPROVED** and **ADOPTED**;[2]

4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED** and **DISMISSED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[3] and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] On January 21, 2021, the clerk of court docketed the petitioner's motion for extension of time to file objections to the report and recommendation. Doc. No. 43. On February 10, 2021, this court granted the motion and extended the time for the petitioner to file objections to March 19, 2021. *See* Feb. 10, 2021 Order at 1, Doc. No. 44.

At some point prior to the court granting the petitioner's motion for additional time to file objections, the petitioner prepared the instant "motion to formally withdraw" and provided it to prison officials for mailing to the clerk of court. Doc. No. 46. In this document, the petitioner indicates that, *inter alia*, he wants to withdraw his request for additional time to file objections and will not be objecting to the report and recommendation. *See* Mot. to Formally Withdraw at 1. As the petitioner has indicated that he will not be filing objections, the court grants the motion to withdraw his request for additional time to file objections.

[2] Since neither party filed objections to Judge Perkin's report and recommendation, the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Perkin's report for plain error and has found none.

[3] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining requirements for obtaining certificate of appealability under section 2253(c)(2)).